UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DEBORAH KUETHER

    Plaintiff,

    v.

KEITH P. POSLEY, et al.

    Defendants.

Case No. 23-cv-948

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, Milwaukee Public Schools, Milwaukee Board of School Directors, Dr. Keith Posley, Dr. Jeremiah Holiday, Calvin Fermin, Katrice Cotton, Megan O'Halloran, Jilly Gokalgandhi, Robert Peterson, Marva Herndon, Aisha Carr and Jacqueline Mann, by and through their attorneys, von Briesen & Roper, s.c., submit this memorandum in support of their Motion for Partial Dismissal of Plaintiff's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

In her Second Amended Complaint, Plaintiff, Deborah Kuether, claims she was discriminated against because she is white and female. In addition, Plaintiff claims her First Amendment right to free speech was violated and she suffered retaliation, because she spoke out against the promotion of Jeremiah Holiday ("Holiday"), and was an outspoken critic of Milwaukee Public Schools' ("MPS") and Milwaukee Board of School Directors ("MBSD"). Finally, Plaintiff

claims Defendants, Posley, O'Halloran, Gokalgandhi, Peterson, Herndon, Carr and Mann, failed to comply with the Wisconsin Open Records Laws.

Defendants now move to have MPS removed or dismissed as a party to this lawsuit as MPS is not an entity that exists under Wisconsin law and cannot be sued. Defendants also move to dismiss Plaintiff's Title VII cause of action as Plaintiff failed to exhaust her administrative remedies prior to commencing the Title VII action against MPS. In addition, Defendants move to dismiss Counts V in Plaintiff's Second Amended Complaint should be dismissed, as well as Count I, as that cause of action relates to MPS. Further, Defendants move to dismiss Plaintiff's Open Records Law cause of action as a mandamus action is the exclusive procedural remedy for violation of Wisconsin Open Records Law. Finally, Defendants move to dismiss Plaintiff's "Official Capacity" claims against individual Defendants as the claims are redundant.

## BACKGROUND

### *Action filed with the Equal Rights Division*

On April 21, 2021, Plaintiff filed a Discrimination Complaint with the Wisconsin Department of Workforce Development – Equal Rights Division ("ERD"). (Exhibit 1 to Memorandum in Support of Defendants' Motion to Dismiss ("ECF No. 22-1".)) Plaintiff identified MPS as the sole respondent. (ECF No. 22-1 at 3.) In her Discrimination Complaint, Plaintiff alleged she was discriminated against on the basis of her race (white), her sex (female), and because she opposed discrimination in the workplace (MPS). *Id*. Plaintiff claimed the discrimination began September 1, 2020 and that January 7, 2021 was the date of the most recent act of discrimination. *Id*.

An initial determination of probable cause was issued on January 27, 2022. (Exhibit 2 to Memorandum in Support of Defendants' Motion to Dismiss ("ECF No. 22-2".)) Prior to the

hearing on the merits, Plaintiff withdrew her Discrimination Complaint and requested a right to sue letter. (Exhibit 3 to Memorandum in Support of Defendants' Motion to Dismiss ("ECF No. 22-3").)) On February 21, 2023, Administrative Law Judge, Stephanie M. Brown, signed an Order of Dismissal - Withdrawal of Complaint. (Exhibit 4 to Memorandum in Support of Defendants' Motion to Dismiss ("ECF No. 22-4").)) A right to sue letter dated April 19, 2023 was issued to Plaintiff. (Exhibit 5 to Memorandum in Support of Defendants' Motion to Dismiss ("ECF No. 22-5").))

### *Initial Complaint*

On July 14, 2023, Plaintiff filed her Complaint. (Complaint ("ECF No. 1").)) Plaintiff's initial Complaint identified nine (9) defendants: Keith Posley, Jeremiah Holiday, Robert Peterson, Marva Herndon, Erika Siemsen, Sequanna Taylor, Megan O'Halloran, Milwaukee Public School District and Milwaukee Board of School Directors.

### *Amended Complaint*

Before serving her Complaint, Plaintiff filed her First Amended Complaint on August 14, 2023. (Complaint ("ECF No. 2").)) Plaintiff's Amended Complaint identified thirteen (13) defendants; the nine (9) defendants identified in the Complaint along with four (4) new defendants: Marcela Garcia, Jilly Gokalgandhi, Henry Leonard and Aisha Carr. Plaintiff asserted seven (7) causes of action in her Amended Complaint. The causes of action are set forth below:

1. Violation of the Fourteenth Amendment, § 1983
2. Retaliation against employee in violation of the FLSA and Wis. Stat. § 111.04
3. Violation of the First Amendment, § 1983
4. Discrimination on the basis of race
5. Discrimination on the basis of sex
6. Retaliation for opposing discrimination Title VII, 42 USC 2000e. et. seq.

3

7. Violation of Wisconsin Public Records law, Wis. Stat. § 19.31m et seq.

(ECF No. 2 at ¶¶ 211-221.)

*Motion to Dismiss Amended Complaint*

Defendants moved to dismiss Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(B)(5), because Plaintiff did not serve her Complaint, and failed to file her First Amended Complaint with 90 days of the right to sue letter. (Memorandum is Support of Defendants' Motion to Dismiss ("ECF No. 18").) Defendants' first motion to dismiss was denied by the court. (Decision and Order ("ECF No. 31") at 31.))

Defendants also moved for a partial dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Memorandum is Support of Defendants' Motion to Dismiss ("ECF No. 22").) Defendants moved to dismiss:

1. Discrimination and retaliation claims not previously alleged in Plaintiff's Discrimination Complaint,

2. Discrimination and retaliation claims that occurred prior to June 25, 2020,

3. counts 2, 4, 5 and 7 in Plaintiff's Amended Complaint, and

4. claims asserted against Posley, Holiday, Peterson, Herndon, Garcia, Gokalgandhi, Leonard, O'Halloran, Siemsen, Taylor and Carr in their official capacities.

With regard to Defendants' motion for partial dismissal, the court ordered as follows:

> **IT IS FURTHER ORDERED** that the defendants' second motion to dismiss (ECF No. 21) is **granted in part and denied in part.** The motion is granted with respect to Kuether's claims under the FLSA and Wis. Stat. § 111.04. The motion is further granted with respect to Kuether's constitutional claims against the defendants in their official capacities. The motion is further granted with respect to Kuether's claims against Robert Peterson, Marva Herndon, Marcela Garcia, Jilly Gokalgandhi, Henry Leonard, Megan O'Halloran, Erika Siemsen, Sequanna Taylor, and Aisha Carr with the exception of Kuether's First Amendment claim against Megan O'Halloran. The motion is denied as to all other claims.

(ECF No. 31 at 31.)

### *Second Amended Complaint*

Plaintiff filed her Second Amended Complaint on April 1, 2024. (Second Amended Complaint ("ECF No. 36").) Plaintiff's Second Amended Complaint identified twelve (12) defendants; nine (9) defendants previously identified in Plaintiff's Amended Complaint - Milwaukee Public Schools, Milwaukee Board of School Directors, Keith Posley, Jeremiah Holiday, Megan O'Halloran, Jilly Gokalgandhi, Robert Peterson, Marva Herndon, Aisha Carr, along with three (3) new defendants: Calvin Fermin, Katrice Cotton, and Jacqueline Mann

Plaintiff asserted seven (7) causes of action in her Second Amended Complaint. The causes of action are set forth below:

1. Discrimination Based on Political Association in Violation of the First Amendment, 42 U.S.C. § 1983

2. Unlawful Infringement on Speech Violation of 42 U.S.C. § 1983/First Amendment

3. "*Loudermill*" Violation Violation of 42 U.S.C. § 1983/Due Process Clause of the Fifth Amendment

4. Sex-Based Discrimination (Disparate Treatment) in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)

5. Retaliation in Violation of Title VII, 42 U.S.C. § 2000e3

6. Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1983

7. Violation of Wisconsin Public Records Law Wis. Stat. §19.31 et seq.

(ECF No. 36 at 27-33.)

### **STANDARD FOR MOTION TO DISMISS**

Courts must dismiss complaints that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although the Court must accept all well-pleaded

facts as true, it "need not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. 544 at 678, *citing Twombly,* 550 U.S. at 557). If a plaintiff has "not nudged [their] claims across the line from conceivable to plausible," this Court must dismiss them. *Id.* at 553-563, 570. "[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

"Importantly, the Supreme Court's decisions in *Twombly* and *Iqbal* ushered in a requirement that civil pleadings demonstrate some merit or plausibility in complaint allegations to protect defendants from having to undergo costly discovery unless a substantial case is brought against them." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013). Finally, in evaluating a Rule 12(b)(6) motion, "courts are free to consider ... exhibits attached to the complaint, Fed. R. Civ. P. 10(c), or documents referenced in the pleadings if they are central to the claim." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

## ARGUMENT

**I.      Milwaukee Public Schools should be removed or dismissed as a party to this lawsuit.**

Milwaukee Public Schools ("MPS") is not an entity that exists under Wisconsin law and cannot be sued. Plaintiff listed Milwaukee Public Schools as a defendant in paragraph 8 of her Second Amended Complaint. Plaintiff wrote:

> 8. Defendant Milwaukee Public Schools is a "First Class City School District" under Wis. Stat. Ch. 119, located in the Eastern District of Wisconsin.

(Plaintiff's Second Amended Complaint ("ECF No. 36") at 4, ¶ 8).

However, the district court in *Kleckley v. Milwaukee Public Schools* determined that MPS is not a suable entity. The court noted:

> Defendant contends that pursuant to Wis. Stat. § 119.68, the plaintiff should have brought her claims against the Milwaukee Board of School Directors ["MBSD"] or the city of Milwaukee as opposed to MPS. While Ms. Kleckley improperly designated MPS—<u>which is not a suable entity</u>—as the defendant in this action, …
>
> *Kleckley v. Milwaukee Public Schools*, 20 F.Supp.2d 1264, 1266 (E.D. Wis. 1998).

(Emphasis added).

Milwaukee Board of School Directors ("MBSD") is the proper entity to be sued in this matter. According to Wisconsin Statutes "'Board' means the board of school directors in charge of the public schools of a city of the 1st class[1] other than those public schools transferred to the opportunity schools and partnership programs under s. 119.33 or subch. II." Wis. Stat. § 119.02(1).

MBSD not MPS establishes and maintains Milwaukee's public schools. Pursuant to Wisconsin Statute § 119.16(2) "[t]he board shall maintain the public schools in the city … and shall establish, organize and maintain such schools as the board determines are necessary to accommodate the children entitled to instruction therein." MBSD also manages the school district. "The board shall have the possession, care, control and management of the schools, facilities, operations, property and affairs of the school district." Wis. Stat. § 119.16(1m).

---

[1] Milwaukee is Wisconsin's only first-class city. *Madison Teachers, Inc. v. Walker*, 358 Wis. 2d 1, ¶ 87 n. 23, 851 N.W.2d 337 (2014).

In addition, MBSD hires management and employs staff for Milwaukee Public Schools. MBSD "may employ and determine the qualifications, duties and compensation of any persons as are required in the operation and management of the schools … ", and MBSD "may employ a staff to aid it in its duties. The board shall determine the compensation, duties and qualifications of its staff … " Wis. Stat. § 119.18(10)(b) and (c).

As MPS is not an entity that can be sued, MPS should be removed or dismissed as a party to this lawsuit. Because MPS is not a suable entity, Counts IV and V in Plaintiff's Second Amended Complaint should be dismissed, as well as Count I, as that cause of action relates to MPS. Counts I, IV, and V are captioned as follows:

**Count I: Discrimination Based on Political Association in Violation of the First Amendment, 42 U.S.C. § 1983**
*Against Defendants MPS, Board, Posley, Fermin, Cotton, & Holiday*

\* \* \*

**Count IV: Sex-Based Discrimination (Disparate Treatment) in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)**
*Against Defendant MPS*

\* \* \*

**Count V: Retaliation in Violation of Title VII, 42 U.S.C. § 2000e3**
*Against Defendant MPS*

\* \* \*

(ECF No. 36 at 27, 31, and 32).

II. **Plaintiff failed to exhaust administrative remedies prior to commencing her Title VII action against MPS.**

Count IV, under the caption "CLAIMS FOR RELIEF" in Plaintiff's Second Amended Complaint, sets forth a cause of action for the violation of Title VII of the Civil Rights Act of 1964. Plaintiff asserts this cause of action against MPS. Plaintiff alleges as follows:

8

**Count IV: Sex-Based Discrimination (Disparate Treatment) in Violation of Title VII of the Civil Rights Act of 1964,** *as amended,* **42 U.S.C. § 2000e-2(a)**
*Against Defendant MPS*

>Plaintiff incorporates by reference all preceding allegations of fact.
>
>Plaintiff is a member of protected classes: White and White female.
>
>Similarly situated employees who were not White and Female were treated more favorably than Plaintiff by MPS.
>
>Plaintiff's race and sex was a substantial motivating factor in MPS's decision to modify Plaintiff's employment terms and to constructively terminate her.
>
>By evaluating and constructively terminating Plaintiff's employment, based on prohibited stereotypes about the proper role and behavior of White persons, and/or White Females or employees in general and as a whole, MPS violated Title VII.
>
>MPS violated Plaintiff's right to be free from discrimination in the terms and conditions of her employment on the basis of her race and sex as guaranteed by Title VII of the Civil Rights Act of 1964. It failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate race and sex discrimination from the workplace and to prevent it from occurring in the future, causing Kuether to suffer even greater harm.
>
>As a direct and proximate result of MPS's discriminatory conduct as described herein, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries and damages, including, but not limited to, lost past and future income and benefits, and compensation for emotional pain and suffering, harm to reputation, and mental anguish, to an extent and in an amount to be proven at trial.

(ECF No. 36 at 31-32).

As noted in the previous section of this memorandum, MPS is not an entity that can be sued. Therefore, Plaintiff's cause of action for violation of Title VII of the Civil Rights Act of 1964 should be dismissed, as MPS is the only defendant charged with violating Title VII.

9

Plaintiff, in addition to suing an entity that cannot be sued, failed to exhaust her administrative remedies prior to commencing a Title VII action against MPS. In her Second Amended Complaint, Plaintiff alleges that "Plaintiff's race and sex was a substantial motivating factor in MPS's decision to modify Plaintiff's employment terms and to constructively terminate her." (ECF No. 36 at 31). Plaintiff also claims "[b]y evaluating and constructively terminating Plaintiff's employment, based on prohibited stereotypes about the proper role and behavior of White persons, and/or White Females or employees in general and as a whole, MPS violated Title VII." (ECF No. 36 at 31). Finally, Plaintiff states "[a]s a direct and proximate result of MPS's discriminatory conduct as described herein, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries and damages, including, but not limited to, lost past and future income and benefits, and compensation for emotional pain and suffering, harm to reputation, and mental anguish, to an extent and in an amount to be proven at trial. (ECF No. 36 at 32).

"Before filing suit under Title VII, an employee must exhaust his administrative remedies by (1) filing a timely charge of discrimination with the EEOC, and (2) receiving a right-to-sue letter from the EEOC. 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1); *see Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013)." *Smith v. Enterprise Rent-A-Car Company of Wisconsin, LLC.,* 18-CV-1793, 2019 WL 2191853, at *2 (E.D. Wis. May 21, 2019). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 I1974)." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This general rule is a condition precedent with which Title VII plaintiffs must comply. *Id*. "This means that the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d at 501. Put another way, "[w]hen an EEOC

10

Case 2:23-cv-00948-WED   Filed 04/15/24   Page 10 of 14   Document 41

charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Id*. at 503.

In her Second Amended Complaint, Plaintiff alleged "Plaintiff's race and sex was a substantial motivating factor in MPS's decision to modify Plaintiff's employment terms and <u>to constructively terminate her</u>." (ECF No. 36 at 31). (Emphasis added). Plaintiff also claimed "<u>[b]y evaluating and constructively terminating Plaintiff's employment</u>, based on prohibited stereotypes about the proper role and behavior of White persons, and/or White Females or employees in general and as a whole, MPS violated Title VII." (ECF No. 36 at 31). (Emphasis added).

Plaintiff filed a Discrimination Complaint with Wisconsin's Department of Workforce Development, Equal Rights Division, against MPS. (ECF No. 22-1.) In her Discrimination Complaint, Plaintiff alleged Superintendent for MPS Keith Posley, and the Chief Academic Officer for MPS Jeremiah Holiday, harassed her, treated her differently in regard to the terms and conditions of her employment because of her race (white) and her sex (female). Plaintiff also claimed Posley and Holiday retaliated against her for filing complaints objecting to the promotion of Holiday to Chief Academic Office. Plaintiff did not allege she was constructively discharged or terminated as she had alleged in her Second Amended Complaint. Plaintiff also did not claim that she suffered a pecuniary loss as a result of a constructive discharge or termination as she did in her Second Amended Complaint.

As Plaintiff did not allege constructive discharge or termination in her Discrimination Complaint, or that she suffered pecuniary loss as a result of her constructive discharge/termination, Plaintiff failed to exhaust her administrative remedies prior to commencing her Title VII

11

discrimination and/or retaliation action. As such, Plaintiff's Title VII cause of action should be dismissed.

Further, as noted by this Court in its January 9, 2024 Decision and Order, "[a] plaintiff may assert a Title VII claim only against an employer. As Kuether acknowledges in response (ECF No. 26 at 2), individuals, even managers or supervisors, are not employers under Title VII. *Gastineau v. Fleet Mortg. Corp.,* 137 F.3d 490, 493 (7th Cir. 1998)." (ECF No. 31 at 31.)

MPS does not hire management or employ staff for Milwaukee Public Schools. MBSD "may employ and determine the qualifications, duties and compensation of any persons as are required in the operation and management of the schools … ", and MBSD "may employ a staff to aid it in its duties." Wis. Stat. § 119.18(10)(b) and (c). Plaintiff did not allege that either MPS or MBSD was her employer. Therefore, Plaintiff's Title VII cause of action should be dismissed.

### III. Plaintiff does not have a claim for violation of Wisconsin's Open Records Law.

A mandamus action is the exclusive procedural remedy for violation of Wisconsin Open Records Law. *See* Wis. Stat. 19.37(1); *See also Wisconsin Carry, Inc. v. City of Milwaukee*, 35 F. Supp. 3d 1031, 1039 (E.D. Wis. July 28, 2014). The district court in *Wisconsin Carry, Inc.*, stated "[a] plaintiff may recover damages but only 'if the requester prevails ... in any action [for mandamus] under sub. (1).' § 19.37(2). The statute does not authorize a claim for damages on its own. *See Capital Times Co. v. Doyle,* 2011 WI App 137 ¶ 6, 337 Wis.2d 544, 807 N.W.2d 666." *Wisconsin Carry, Inc. v. City of Milwaukee*, 35 F. Supp. 3d 1031 at 1039.

A mandamus cannot be issued by this Court. *See Sutterfield v. City of Milwaukee*, No. 11-CV-486, 2011 WL 2471750, at *1 (E.D. Wis. June 21, 2011); *Coniston Corp. v. Hoffman Estates,* 844 F.2d 461, 469 (7th Cir.1988)(holding that a federal court has "no jurisdiction to issue a mandamus against state officials for violating their duties under state law"); *Johnson v. City of*

12

*Milwaukee*, No. 03-C-0775, 2006 WL 2546808, at *6 (E.D. Wis. Aug. 31, 2006) (holding that "the appropriate remedial procedure for violations of this statute is an action for mandamus in state court…[plaintiff] cannot bring the mandamus action in this court.)(internal citation omitted); *Howard v. Ashworth,* No. 20-CV-1850-PP, 2022 WL 1810715, at *8 (E.D. Wis. June 2, 2022) (explaining that "[t]here is no federal review of Wisconsin open records request determinations.").

In *Wisconsin Carry, Inc.*, plaintiff brought a claim for damages alleging a violation of Wisconsin Open Records Law without filing a mandamus action. This Court ruled the claim was not authorized by statute and dismissed it. *Wisconsin Carry, Inc.,* 35 F. Supp. 3d 1031 at 1039. Here, as in *Wisconsin Carry, Inc.*, Plaintiff seeks damages for an alleged violation of Wisconsin Open Record Laws without having filed a mandamus action. As in *Wisconsin Carry, Inc.*, Plaintiff's claim for violation of Wisconsin Open Record Laws must be dismissed.

## IV. Plaintiff's "Official Capacity" claims against individual Defendants should be dismissed as redundant.

"Official-capacity suits … generally represent only another way of pleading an action against an entity of which an officer is an agent." *Comsys, Inc. v. City of Kenosha, Wisconsin,* 223 F.Supp.3d 792, 802, (E.D. Wis. 2016), *citing Kentucky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985). As a result, it has been held that "[a]s long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* For that reason "district courts routinely dismiss official capacity claims against individuals as 'redundant' where the appropriate municipality is also named." *Id.*

In her Second Amended Complaint, Plaintiff sued the MPS Superintendent, the MPS Chief Academic Officer and multiple current and former School Board members in their official

13

capacities. (ECF No. 2 at ¶¶ 10-19.) Plaintiff also sued the Milwaukee Public Schools and Milwaukee Board of School Directors for the same alleged conduct. (ECF No. 2 at 27-34.)

There is nothing unique about the claims asserted against any of the individual defendants. As a result, the "official capacity claims" against the MPS Superintendent, the MPS Chief Academic Officer, and the individual school board members are redundant and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court issue an order dismissing MPS as a party to this lawsuit. Defendants also respectfully request this Court issue an order dismissing Plaintiff's Title VII cause of action, and Counts V in Plaintiff's Second Amended Complaint, as well as Count I, as that cause of action relates to MPS. In addition, Defendants respectfully request this Court issue an order dismissing Plaintiff's Open Records Law cause of action. Finally, Defendants respectfully request this Court issue an order dismissing Plaintiff's "Official Capacity" claims against individual Defendants as the claims are redundant.

Respectfully submitted this 15th day of April, 2024.

**VON BRIESEN & ROPER, S.C.**
*Attorneys for Defendants*

*/s/Christopher P. Riordan*
Christopher P. Riordan, SBN 1018825
411 East Wisconsin Ave., Suite 1000
Milwaukee, WI 53202
Phone: (414) 287-1268
Facsimile: (414) 238-6635
christopher.riordan@vonbriesen.com