UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBORAH KUETHER,

    Plaintiff,

v.                                                              Case No. 23-CV-948

KEITH P. POSLEY, et al.,

    Defendants.

## DECISION AND ORDER

**1. Background and Applicable Law**

Deborah Kuether, the former Director of Literacy for Milwaukee Public Schools (MPS), alleges that she was subjected to significant and pervasive discrimination and retaliation by multiple high-level MPS officials because she is a white woman and she spoke out about officials promoting unqualified or less-qualified persons based on their race. This led to officials sabotaging her work, punitively reassigning her, and eventually constructively discharging her.

The allegations that give rise to this action were recounted more thoroughly in the court's decision on the defendants' motion to dismiss Kuether's first amended complaint. *Kuether v. Posley*, No. 23-CV-948, 2024 U.S. Dist. LEXIS 9808 (E.D. Wis. Jan.

19, 2024). Following that decision, Kuether filed a second amended complaint. (ECF No. 37.) The defendants have now moved to dismiss that complaint in part. (ECF No. 40.) The court will discuss below those allegations in that second amended complaint that are necessary to address the defendants' most recent motion to dismiss.

At this stage the court accepts as true all the well-pleaded allegations in the second amended complaint and draws all reasonable inferences against the defendants. *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). The allegations in a complaint must be sufficient to "state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). The complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "Even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 556 U.S. 662, a complaint in federal court pleads claims, not facts." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

In resolving a motion to dismiss under Rule 12(b)(6) the court ordinarily may consider only the pleadings. However, the court can also consider documents referred to in the plaintiff's complaint that are central to a claim. *Wright v. Assoc. Ins. Cos. Inc.*, 29

F.3d 1244, 1248 (7th Cir. 1994); *see also Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022) ("In evaluating the sufficiency of the complaint, we consider documents integral to the complaint that might aid in determining whether a plaintiff is entitled to relief.").

### 2. Milwaukee Public Schools as a Party

MPS argues that it "is not an entity that exists under Wisconsin law and cannot be sued." (ECF No. 41 at 6.) This is in marked contrast to the argument it made in its last motion to dismiss, where in its reply brief it conceded that MPS and the Board are both proper defendants with respect to Kuether's Title VII claims. *Kuether*, 2024 U.S. Dist. LEXIS 9808, at *11-12 (citing ECF No. 30 at 3 ("plaintiff's discrimination / retaliation claims should be dismissed as to all defendants other than Milwaukee Board of School Directors and Milwaukee Public Schools")).

Kuether calls the defendants out on its contradiction and argues that MPS has conceded it is a proper party. As a practical matter, it does Kuether no good to sue an entity that, in a legal sense, does not exist. There would be no way to enforce any judgment against MPS. The court is unaware of any principle that would allow a legal and suable entity to be created through judicial estoppel.

Similarly, MPS cannot be turned into a legal entity merely because Kuether can point to cases where other courts and perhaps the school district itself may have overlooked its status as a non-legal entity. *See, e.g., St. Joan Antida High Sch. Inc. v.*

*Milwaukee Pub. Sch. Dist.*, 919 F.3d 1003 (7th Cir. 2019); *but see St. Joan Antida High Sch. Inc. v. Milwaukee Pub. Sch. Dist.*, 17-CV-413, ECF No. 14, at 5 (E.D. Wis.) (MPS stating in its answer that "the Milwaukee Public School District is not a suable entity"). MPS simply is not a suable entity. *Kleckley v. Milwaukee Pub. Sch.*, 20 F. Supp. 2d 1264, 1266 (E.D. Wis. 1998). It is the Board that is responsible for the district and thus only it may be sued. *See* Wis. Stat. § 119.16(1m) ("The board shall have the possession, care, control and management of the schools, facilities, operations, property and affairs of the school district."); Wis. Stat. § 119.16(2) ("The board shall maintain the public schools in the city … and shall establish, organize and maintain such schools as the board determines are necessary to accommodate the children entitled to instruction therein."). MPS will be dismissed as a party.

Although Kuether's Title VII claims are alleged against MPS alone (ECF No. 37, Counts IV and V), the dismissal of MPS does not require dismissal of those claims. Errors in naming the proper defendant are routinely addressed through constructive amendment of a complaint. *See, e.g.*, *Venticinque v. City of Chi. Dep't of Aviation*, No. 21-cv-3084, 2022 U.S. Dist. LEXIS 161682, at *21 (N.D. Ill. Sep. 7, 2022). The claims and allegations against MPS are reconstrued as being against the Board.

3. **Exhaustion of Title VII Claims**

Nor does the fact that Kuether named MPS rather than the Board as the respondent in her administrative complaint merit dismissal of her Title VII claims for

want of exhaustion. In the context of her administrative complaint, the distinction between MPS and the Board was semantic rather than substantive. Whether her employer had been identified as the Board or MPS, it was given adequate notice of the charge and had a full and fair opportunity to participate in the administrative proceedings. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). There is no evidence that the Board was misled as a result of Kuether incorrectly referring to it as MPS.

The Board separately argues that portions of Kuether's Title VII claims must be dismissed because she failed to include them in her administrative complaint. Specifically, the Board argues that Kuether did not allege in her administrative complaint that she was constructively discharged or that she suffered any pecuniary loss. (ECF No. 41 at 11.)

The nature of Kuether's allegation of constructive discharge is unclear. She alleges she was fired in August 2023. (ECF No. 37, ¶ 124.) She does not explain why, if she was actually fired, she is alleging constructive discharge. (ECF No. 37, ¶¶ 139, 152, 153, unnumbered paragraph on page 31, 160) But she also alleged constructive discharge in her first complaint, which she filed on July 14, 2023. (ECF No. 1, ¶¶ 3, 212, 217, 222.) That raises the question of how she could have been constructively discharged before July 14, 2023, if she remained employed until August 2023. The court has not identified any date on which Kuether alleges she was constructively discharged.

5

"Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). The Title VII claim in the plaintiff's lawsuit "must simply be 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). "The relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* at 831-32 (citing *Moore v. Vital Prods.*, 641 F.3d 253, 257 (7th Cir. 2011)).

If Kuether was not discharged until after the administrative proceedings ended, it is clear she did not exhaust that aspect of her claim and it cannot proceed. *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 303 n.2 (7th Cir. 2004); *Hagen v. Fond du Lac Sch. Dist.*, No. 19-cv-1863-pp, 2024 U.S. Dist. LEXIS 54748, at *88 (E.D. Wis. Mar. 27, 2024); *Sughayer v. Fifth Third Bank, N.A.*, No. 20-cv-06327, 2021 U.S. Dist. LEXIS 164676, at *8 (N.D. Ill. Aug. 31, 2021); *Ryan v. McCarthy*, No. 4:18-cv-04002-SLD-JEH, 2020 U.S. Dist. LEXIS 269561, at *10-11 (C.D. Ill. Mar. 4, 2020); *Shuler v. McCarthy*, No. 4:19-cv-04106-SLD-JEH, 2019 U.S. Dist. LEXIS 242301, at *8 (C.D. Ill. Nov. 12, 2019) (citing *Richardson v. Swift Transp. Co. of Ariz., LLC*, No. 17 C 4046, 2018 U.S. Dist. LEXIS 64240, 2018 WL 1811332, at *4 (N.D. Ill. Apr. 17, 2018); *Rodgers v. Brennan*, No. 14 C 6113, 2016 U.S. Dist. LEXIS 36715, 2016 WL 1106858, at *4 (N.D. Ill. Mar. 22, 2016); *Young v. GCA Serv. Grp.*, No. 12-CV-2245, 2013 U.S. Dist. LEXIS 120502, 2013 WL 4510733, at *4 (C.D. Ill. Aug. 26, 2013); *Jacober v. U.S. Dep't of Agriculture Agency*, No. 10-cv-422-WDS, 2012 U.S. Dist.

LEXIS 131819, 2012 WL 4088781, at *18 (S.D. Ill. Sept. 17, 2012); *Wallace v. Heartland Cmty. Coll.*, No. 11-cv-1184, 2012 U.S. Dist. LEXIS 42621, 2012 WL 1066884, at *3-5 (C.D. Ill. Mar. 28, 2012); *Powell v. Safer Found.*, No. 09 C 645, 2010 U.S. Dist. LEXIS 115811, 2010 WL 4481780, at *3 (N.D. Ill. Nov. 1, 2010)). The amended complaint contains no relevant date except August 2023, but, as discussed, it does not make sense that that would be the date when Kuether was constructively discharged.

The court need not untangle this because "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original). An allegation of constructive discharge is merely a part of Kuether's Title VII claims, and therefore it is not subject to dismissal under Rule 12(b)(6).

4. **Open Records Claim**

The defendants move to dismiss Kuether's claim that defendants violated Wisconsin's open records laws because the law provides mandamus as the exclusive remedy and a federal court has no authority to issue a mandamus to state officials for violations of state law. (ECF No. 41 at 12-13.) In response, Kuether states that she "withdraws her Wisconsin's Public Records claims." (ECF No. 44 at 8.)

Accordingly, the defendants' motion to dismiss Kuether's open records claim will be granted.

5. "Official Capacity"

The defendants also move to dismiss Kuether's "official capacity" claims because such claims are redundant to the claims against the Milwaukee Board of School Directors. (ECF No. 41 at 13-14.) Kuether responds, "Given that the Plaintiff withdraws her public records claims, she also withdraws her official capacity claims." (ECF No. 44 at 8.)

Accordingly, the defendants' motion to dismiss Kuether's "official capacity" claims will be granted.

6. Conclusion

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the defendants' motion to partially dismiss the second amended complaint is granted in part and denied in part.

The motion is granted with respect to "Milwaukee Public Schools," which is dismissed as a defendant. The proper defendant for the claims and allegations against Milwaukee Public Schools is the Milwaukee Board of School Directors.

The motion is also granted as to Kuether's open records claim. Claim VII of the second amended complaint is dismissed.

The motion is further granted with respect to Kuether's official capacity claims. The official capacity claims in the second amended complaint are dismissed.

The motion is denied in all other respects.

Dated at Milwaukee, Wisconsin this 17th day of June, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge