UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEBORAH KUETHER,

                Plaintiff,

                                     Case No. 23-cv-948

     v.

KEITH POSLEY, et al.,

                Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION
TO AMEND CAPTION**

---

Defendants, by and through their attorneys, von Briesen & Roper, s.c., submit this Brief in Support of their Motion to Amend Caption. In support of their Motion, Defendants state as follows:

## I.      BACKGROUND

On April 3, 2024, Plaintiff filed her "Second Amended Complaint" alleging first amendment and due process violations, retaliation, racial and sex discrimination and violations of Wisconsin's Public Records Law against Defendants after she was reassigned to a new job location within the Milwaukee Public Schools on January 4, 2021. (ECF No. 37). In the Second Amended Complaint, Plaintiff explicitly denoted which "Claims for Relief" pertained to which Defendants. (ECF No. 37 at 27-34). The only count naming Dr. Mann as a Defendant was "Count VII: Violation of Wisconsin Public Records Law Wis. Stat. § 19.31 et seq. Against Defendants Mann, Posley, Peterson, O'Halloran, Gokalgandhi, Carr, and Herndon". (ECF No. 37 at 33).

On April 15, 2024 Defendants filed a motion for partial dismissal of the Plaintiff's Second Amended Complaint. (ECF No. 40). In response, the Plaintiff withdrew Count VII, her Wisconsin's Public Records claims. (ECF No.44 at 8). Accordingly, on June 17, 2024 the Court dismissed (among other things) "Count VII: Violation of Wisconsin Public Records Law Wis. Stat. § 19.31 et seq. Against Defendants Mann, Posley, Peterson, O'Halloran, Gokalgandhi, Carr, and Herndon" in its entirety. (ECF No. 46 at 7). No remaining claims for relief in the Second Amended Complaint (ECF No. 37) are directed at Dr. Mann.

In spite of this, on November 14, 2024 Plaintiff by her counsel, Attorney Hitchcock Cross, propounded on Defendants' counsel "Plaintiffs Second Set of Discovery to Defendant Jacqueline Mann", in which Plaintiffs sought Dr. Mann's responses to twenty-two (22) Requests for Admission, four (4) Interrogatories and four (4) Requests for Production of Documents. (See Kolberg Dec. ¶ 3).

In an effort to resolve this issue short of Court intervention, Defendants' counsel contacted Plaintiff's counsel, Attorney Hitchcock Cross, in writing, on multiple occasions to explain that Dr. Mann was no longer a defendant in this matter. (See Kolberg Dec. ¶4). In spite of this, Attorney Hitchcock Cross continues to assert that because Dr. Mann's name appears in the case caption, she remains a Defendant in this matter. (See Kolberg Dec. ¶5).

In order to promote clarity and efficiency, and because Dr. Mann has no Counts alleged against her, she is no longer a Defendant in the matter. Defendants respectfully request that the Court update the case caption and remove Dr. Mann as a party.

## II. LEGAL AUTHORITY

"The caption of an action is only the handle to identify it" and that "the caption is chiefly for the court's administrative convenience." See *Hoemke v. Macy's West Stores, LLC,* 2020 WL

5229194; *see also Eberhard v. Old Republic Nat 'l Title Ins. Co.*, No. 11-834, 2013 WL 12293449, at *5 (N.D. Ohio Sept. 13. 2013); *Gramm v. Deere & Co.*, No. 14-575, 2021 WL 8321873, at *1 (N.D. Ind. Nov. 15, 2021). Indeed, "it is well established that, in the context of federal court captions, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *France v. Touro Coll.*, No. 14-4613, 2016 WL 1105400, *5 (E.D.N.Y. Feb. 16, 2016), *report and recommendation adopted sub nom. Ueth France v. Touro Coll.*, 2016 WL 1117459 (E.D.N.Y. Mar. 21, 2016) (internal citations omitted); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1321 (4th ed. 2021). Thus, "[i]n the absence of authority to the contrary, it appears that whether to amend a case caption is within the Court's discretion and should be based on factors such as promoting clarity and avoiding confusion." *Hoemke*, 2020 WL 5229194, at *l.

## III. DISCUSSION

### a. DR. MANN IS NO LONGER A PARTY TO THIS MATTER

On April 15, 2024 Defendants filed a motion for partial dismissal of the Plaintiff's Second Amended Complaint. (ECF No. 40). In response, the Plaintiff withdrew her Wisconsin's Public Records Law claims. (ECF No. 44 at 8). On June 17, 2024 the Court dismissed (among other things) "Count VII: Violation of Wisconsin Public Records Law Wis. Stat. § 19.31 et seq. Against Defendants Mann, Posley, Peterson, O'Halloran, Gokalgandhi, Carr, and Herndon" in its entirety. (ECF No. 46 at 7). No remaining claims for relief in the Second Amended Complaint (ECF No. 37) are directed at Dr. Mann. Regardless of whether the Court agrees to update the caption, Dr. Mann is no longer a Defendant in this case.

### b. REMOVAL OF DR. MANN FROM THE CAPTION PROMOTES CLARITY AND EFFICIENCY

In spite of the fact that Dr. Mann is no longer a Defendant in this case, Attorney Hitchcock Cross continues to treat her as one on the sole basis that her name appears in the caption. Attorney Hitchcock Cross' misinterpretation of the legal significance of a caption is resulting in additional, costly litigation on behalf of the defendants and distracting from the actual claims at stake in the litigation. Removal of Dr. Mann from the caption will clarify for Attorney Hitchcock Cross who the remaining Defendants are and enable the remaining Defendants to focus on their defenses to the claims against them.

Removal of Dr. Mann from the caption will also provide additional clarity and efficiency if/when this case reaches a jury. As it stands now, potential jurors could be confused that while Dr. Mann remains in the caption of the case, her name will not and cannot appear on any verdict forms. Removal of Dr. Mann from the caption will provide clarity during the jury trial process and obviate the need for future litigation about what is or is not conveyed to the jury.

c. **REMOVAL OF DR. MANN FROM THE CAPTION DOES NOT PREJUDICE THE PLAINTIFF**

Because Dr. Mann is no longer a Defendant in this case, her removal from the caption cannot prejudice the Plaintiff in this case. The removal of Dr. Mann from the caption in no way changes the claims and allegations against the remaining Defendants in this case.

IV.  **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Court remove Dr.

Mann from the caption in this case.

Dated at Milwaukee, Wisconsin this 4th day of December, 2024.

von BRIESEN & ROPER, s.c.
Attorneys for Defendants

Electronically executed by Hanna R. Kolberg
SBN: 1067382

MAILING ADDRESS:
411 E. Wisconsin Ave., #1000
Milwaukee, WI  53202
Phone: (414) 287-1248
Fax:    (414) 238-6567
Hanna.Kolberg@vonbriesen.com