UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DEBORAH KUETHER,**

Plaintiff,

v.  Case No. 23-CV-948

**KEITH POSLEY, et al.,**

Defendants.

## DECISION AND ORDER

**1. Background**

Deborah Kuether, the former Director of Literacy for Milwaukee Public Schools (MPS), alleges she was subjected to significant and pervasive discrimination and retaliation by multiple high-level MPS officials because she is a white woman and spoke out about officials promoting unqualified or less-qualified persons based on their race. This led to officials sabotaging her work, punitively reassigning her, and eventually constructively discharging her.

The allegations that give rise to this action were recounted more thoroughly in the Court's decision on the defendants' motion to dismiss Kuether's first amended complaint. *Kuether v. Posley*, No. 23-CV-948, 2024 WL 218421 (E.D. Wis. Jan. 19, 2024).

Following that decision, Kuether filed a second amended complaint (ECF No. 37), which the defendants moved to dismiss in part (ECF No. 40). The Court partially granted that motion. *Kuether v. Posley*, No. 23-CV-948, 2024 WL 3026518 (E.D. Wis. June 17, 2024).

On November 27, 2024, the parties filed a Joint Motion for Protective Order (ECF No. 60), which this Court granted on December 2 (ECF No. 62). The defendants have since filed several motions related to discovery disputes: Motion for Protective Order (ECF No. 63), Motion to Amend Case Caption (ECF No. 66), and Motion for Sanctions under Rule 11 (ECF No. 72). The motions are fully briefed and ready for resolution. (ECF Nos. 76, 79, 80, 82.)

**2. Analysis**

    **2.1. Mann as a Defendant**

The parties dispute whether Jacqueline Mann is still a defendant in this case. The defendants contend that Kuether's Second Amended Complaint brought one claim against Mann—for a violation of Wisconsin's Public Records Law—which this Court dismissed, thus terminating Mann as a party. (ECF No. 64 at 9.)

Kuether's counsel expressed to the defendants' attorney that Mann was still a defendant because she still appears in the caption on PACER. (ECF No. 81-3 at 11 ("To make sure we are operating in the same universe can you confirm that when you search this case in PACER, Dr. Mann is listed as a party represented by Von Briesen.").) This

led to the defendants filing their motion to amend the case caption to remove Mann from the case caption. (ECF No. 66.)

Kuether now contends that Mann is still a defendant in this case because Mann is included in her "§ 1983/First Amendment violation claims" because, despite her "oversight" in failing to mention Mann among the defendants in those claims, her "factual averments give Defendants sufficient notice of her intent to pursue a Section 1983 claim against Mann." (ECF No. 76 at 3, 6.) While Kuether is unclear about whether she intended to include Mann as a defendant in one or both of her First Amendment § 1983 claims, the Court will assume she meant to include Mann in both claims.

Kuether's Second Amended Complaint includes headings for each Count, identifying which defendants are sued for which claims. (ECF No. 37 at 27-34.) Mann only appears under the Wisconsin Public Records Law claim, which this Court dismissed. *Kuether*, 2024 WL 3026518, at *8.

Mann is not listed as one of the defendants under either of Kuether's First Amendment claims, nor do the allegations in support of those claims include any reference to Mann.

In her previous briefing before this Court on whether her First Amended Complaint stated a claim against individual Board member defendants for violation of her First Amendment rights, Kuether detailed the facts she believed made each defendant personally liable; she never mentioned Mann. (ECF No. 26 at 12-20

(discussing Posley, Fermin, Cotton, Holiday, Peterson, O'Halloran, Gokalgandhi, Carr, and Herndon, but not Mann)); *Kuether*, 2024 WL 218421, at *12 (dismissing "all claims against [the Board members] individually … with the exception of Kuether's First Amendment claim against O'Halloran"). In fact, it appears Kuether never even commenced service against Mann. Fed. R. Civ. P. 4(c)-(d). Rather, Mann only appears in Kuether's Second Amended Complaint, where Kuether incorporated factual allegations against Mann in the background facts and listed her as a defendant only under the Public Records claim.

While the Second Amended Complaint includes a handful of factual allegations relating to Mann's and Kuether's speech in some of the over 130 paragraphs and 26 pages preceding her claims, none of these facts appear in the short plain statement of Kuether's First Amendment claims. Fed. R. Civ. P. 8 (requiring the pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief"). Her shotgun pleading that "Plaintiff realleges and incorporates by reference all previous allegations" (ECF No. 37, ¶¶ 136, 147) did not put the defendants on notice that Kuether intended to include Mann as a defendant in the two First Amendment claims even though Mann was not named as a defendant in those claims. *U.S. ex rel. Garst v. Lockheed-Martin Crop.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. … [T]he substantial subsidy of

litigation … should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.").

Mann is no longer a defendant in this lawsuit. The defendants' motion to Amend the Case Caption to reflect such will be granted.

The defendants also seek Rule 11 sanctions for Kuether's insistence on serving discovery on someone who is no longer a party to the lawsuit. (ECF No. 72.) But Rule 11 sanctions do not apply to discovery requests. Fed. R. Civ. P. 11(d). Thus, the defendants' motion for Rule 11 sanctions will be denied.

**2.2. Motion for Protective Order**

The defendants' motion for a protective order concerns the scope and manner of upcoming depositions. Many of the defendants' concerns stem from their history with Kuether, Kuether's counsel (Attorney Ben Hitchcock Cross), and their YouTube channel.

Kuether and Attorney Hitchcock Cross run a YouTube channel, titled "Deliberate Indifference Wisconsin," primarily dedicated to discussing this and other cases with which they are involved. *See* Deliberate Indifference Wisconsin ("DIWI") (@deliberateindifferencewi), YouTube, https://www.youtube.com/@deliberateindifferencewi (last accessed Feb. 13, 2025). At this time, the YouTube channel has over 7,300 subscribers, 800 videos, and nearly 1.5 million views.

The YouTube videos include depositions that Attorney Hitchcock Cross took in a prior, related matter. *Kuether v. Milwaukee Pub. Schs.*, Wis. Dep't of Workforce Dev., Equal Rts. Div., Case No. CR202100861. Some of these deposition videos come not from the videographer's camera but from a secondary camera (apparently unbeknownst by defense counsel), capturing the videographer's camera, the witness, opposing counsel, and off-the-record conversations.[1] The video thumbnails include unflattering photos of the witnesses and opposing counsel, and many of the video titles are, as defendants put it, "inflammatory." (ECF No. 64 at 4.) Many of the defendants' concerns relate to potential abuse of the upcoming depositions via Kuether and Attorney Hitchcock Cross's YouTube channel, and the defendants seek a protective order to prevent any such abuse.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Bond v. Uteras*, 585 F.3d 1061, 1067 (7th Cir. 2009). "The movant bears the burden of showing good cause, and such burden must be satisfied with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements ....'" *Patt v. Fam. Health Sys., Inc.*, 189 F.R.D. 518, 522 (E.D. Wis. 1999) (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

---

[1] *E.g.*, DIWI, *Deposition chit chat and BHC Remonstrates with Chris Riordan*, https://www.youtube.com/watch?v=GlodlLl8UWQ&t=549s; DIWI, *Attorney rage quits deposition: Peterson 10*, 9:50-31:44, https://www.youtube.com/watch?v=TfLIBj0XD3s.

§ 2035 (2d ed. 1994)). "Determining whether good cause exists requires a balancing of the potential harm to litigants' interests against the public's right to obtain information concerning judicial proceedings." *David J. Frank Landscape Contracting, Inc. v. La Rosa Landscape*, 199 F.R.D. 314, 315 (E.D. Wis. 2001) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999)). District courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Kuether spends much time arguing that "Defendants seek curtailment of the First Amendment free speech rights of Plaintiff and her lawyer" by seeking what she calls a "gag order." (ECF No. 76 at 9, 16.) She contends this "is a classic example of a presumptively unconstitutional prior restraint" warranting the "most rigorous form of review" in which the restraint "is justified only if the restriction is narrowly tailored to serve compelling state interests." (*Id.* at 10 (quotations omitted).) She argues that the defendants' requests are presumptively invalid "content-based restrictions." (*Id.* at 2, 16, 25.)

Kuether ignores well-settled law "that an order prohibiting dissemination of discovered information before trial is not the kind of classic prior restraint that requires exacting First Amendment scrutiny." *Seattle Times*, 467 U.S. at 33 (citing *Gannett Co. v. DePasquale*, 443 U.S. 368, 399 (1979)). Such a level of scrutiny "would impose an unwarranted restriction on the duty and discretion of [the] trial court to oversee the

discovery process." *Id.* at 31; *see also id.* at 34 n.20 ("There have been repeated expressions of concern about undue and uncontrolled discovery …. But until and unless there are major changes in the present Rules of Civil Procedure, reliance must be had on what in fact and in law are ample powers of the district judge to prevent abuse." (quoting *Herbert v. Lando*, 441 U.S. 153, 176-77 (1979))).

Plaintiff and counsel "gain[] the information they wish to disseminate only by virtue of the trial court's discovery process. … A litigant has no First Amendment right of access to information made available only for purposes of trying [her] suit." *Seattle Times*, 467 U.S. at 32. Pretrial depositions are not public proceedings. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Bond*, 585 F.3d at 1074-75 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002); and citing *Citizens First Nat'l Bank*, 178 F.3d at 944); *Seattle Times*, 467 U.S. at 33. "[T]he rights of the public kick in when material produced during discovery is filed with the court." *Bond*, 585 F.3d at 1075 (citing *Seattle Times*, 467 U.S. at 33 & n.19).

The Supreme Court explained in *Seattle Times Co. v. Rinehart*:

> Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties.

467 U.S. at 34-35 (footnote omitted).

The defendants do not seek a "gag order" preventing any speech regarding the case as Kuether suggests; they seek a protective order limiting the scope and dissemination of depositions. "[W]here … a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Seattle Times*, 467 U.S. at 37.

### 2.2.1. Depositions of Mann and Fermin

The defendants seek a protective order barring depositions of Mann and Calvin Fermin. (ECF No. 64 at 9-10.)[2]

The only reasons the defendants put forth for precluding a deposition of Mann is that she is no longer a party in this case and "is particularly vulnerable to unwarranted harassment and abuse that Plaintiff and Attorney Hitchcock Cross' [sic] deposition may produce via their own YouTube channel, and she has a right to be protected from such harassment and abuse." Kuether responds that she "is entitled to depose Defendant Mann because she is a defendant a witness [sic]." (ECF No. 76 at 2.)

Even though Mann is no longer a defendant, Rule 30 allows a party to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." None of the exceptions enumerated in Rule 30(a)(2) apply. Because the

---

[2] The Court rejects Kuether's argument that the defendants' requests must fail due to their failure to meet and confer. (ECF No. 76 at 15.) The defendants communicated their reasoning for refusing the depositions (ECF No. 65-4 at 1) and the parties held telephonic conferences regarding their disputes (ECF No. 65, ¶ 18; ECF No. 80 at 4).

defendants provide the court with nothing other than a conclusory statement that Mann "is particularly vulnerable to unwarranted harassment and abuse" on Kuether's and Attorney Hitchcock Cross's YouTube channel, they have failed to carry their burden of showing good cause for precluding her deposition. Thus, Kuether may depose Mann so long as she subpoenas Mann with sufficient notice. Fed. R. Civ. P. 30(b).

The defendants argue there is good cause to preclude a deposition of Fermin because Kuether already deposed Fermin "in the underlying condition precedent Equal Rights Division filing[,] … involv[ing] the same subject matter and … parties." (ECF No. 64 at 10.) They contend a second deposition would be "entirely duplicative" because Kuether may use the prior deposition for any permissible purpose in this case, making a second deposition "unduly burdensome and wholly unnecessary." (*Id.*)

The defendants also state that Kuether's prior deposition of Fermin lasted over eight hours, including breaks. (ECF No. 64 at 2.) They represent that the YouTube channel included videos pertaining to Fermin until Fermin filed a defamation claim against Kuether, since which the videos have been removed. (*Id.* at 3.) The YouTube page has recent video uploads pertaining to Fermin's case against Kuether. (*Id.*); *e.g.*, DIWI, *Equal Rights Judge Files Defamation Suit against Whistleblower and Her Attorney 1*, https://www.youtube.com/watch?v=z46jV0jTF5s (reading complaint).

The defendants also cite to Kuether's Requests for Admission and Interrogatories, which seek seemingly irrelevant information by inquiring about

10

Fermin's defamation claim and current employer. (ECF No. 64 at 6.) The defendants state, "for all the reasons detailed above, Defendant Fermin is particularly vulnerable to unwarranted harassment and abuse that Plaintiff and Attorney Hitchcock Cross' [sic] deposition may produce for a second time via their own YouTube channel." (*Id.* at 10.)

Rule 30(a)(2)(A)(ii) provides that "[a] party must obtain leave of court" to depose a person if "the deponent has already been deposed in the case[.]" The Equal Rights Division case is not the same case as this case. *See Seah Chee Wei v. Rocky Point Int'l LLC*, No. 16-CV-1282, 2017 WL 7053821, *1 (E.D. Wis. Jun. 13, 2017) ("[Rule 30(a)(2)(A)(ii)] is plainly confined to successive depositions occurring in connection with a particular action pending in a particular judicial district."). Thus, Rule 30 does not bar Fermin's deposition.

The defendants also fail to show good cause warranting a protective order barring Fermin's deposition. While Fermin's deposition in the Equal Rights Division matter may diminish the need to depose her in this case, the defendants fail to provide any details about the Equal Rights Division case or topics covered in Fermin's deposition sufficient to show that *no* deposition of her is warranted in this case. Accordingly, the defendants' motion for a protective order precluding a deposition of Fermin will be denied.

Having said that, given Fermin's prior extensive deposition in what would appear to be a related matter, Kuether should be mindful not to duplicate the same

questions she previously asked Fermin. Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit … unreasonably cumulative or duplicative [discovery] …."). Of course, some overlap is unavoidable and the parties shall use good judgment and good faith as they proceed with Fermin's deposition.

### 2.2.2. Method of Recording Depositions

The defendants seek a protective order "limit[ing] the recording of the depositions [to] a certified videographer or court reporter who meets the requirements of Fed. R. Civ. P. 28." (ECF No. 64 at 12.) The defendants seek this protection because Attorney Hitchcock Cross has a history of recording depositions and proceedings by a method other than a certified videographer and uploading the videos to his YouTube channel. (*Id.*) Some of these videos show depositions in which a secondary camera captures the deponent, defense counsel, and the videographer's camera. *E.g.*, DIWI, *Deposition chit chat and BHC Remonstrates with Chris Riordan*, https://www.youtube.com/watch?v=GlodlLl8UWQ&t=549s. These videos capture off-the-record conversations and seem to record even when Attorney Hitchcock Cross is not in the room. Defense counsel represents that, at one point, Attorney Hitchcock Cross even brought a non-certified third party to a hearing to film who refused to identify himself and seemingly captured footage of defense counsel and her laptop screen. (ECF No. 64 at 5.)

Kuether does not dispute these facts and "concedes it was not courteous for the videographer to refuse to identify himself to Defendants' counsel[,]" but suggests it should hold little weight because it is "just one allegation" of recording a hearing with a non-certified videographer and the allegations took place in a different case. (ECF No. 76 at 21.) Kuether also suggests that ethical rules do not "per se prohibit[]" it. (*Id.*)

The Federal Rules of Civil Procedure do not allow using discovery for improper purposes, such as to embarrass or harass. Fed. R. Civ. P. 26(c)(1). To prevent such improper purposes, the court may issue a protective order that prescribes a discovery method other than the one the party selected. Fed. R. Civ. P. 26(c)(1)(C).

The defendants have shown that Kuether and Attorney Hitchcock Cross have a history of using depositions for the improper purpose of embarrassing and harassing the defendants. Their YouTube videos feature disparaging and/or embarrassing photographs of opposing counsel and the deponents in the thumbnails. *E.g.*, DIWI, *Deposition chit chat and BHC Remonstrates with Chris Riordan*, https://www.youtube.com/watch?v=GlodlLl8UWQ&t=549s; DIWI, *Deposition Misconduct MPS Board President attorney refuses to answer part 2*, https://www.youtube.com/watch?v=cYdvT_ILD8o&t=29s. The videos use inflammatory titles. *E.g.*, DIWI, *Deposition 13: "EXTERNAL" Investigations HAPPEN TO ALL BE FORMER Employees*, https://www.youtube.com/watch?v=Zzp3AB7SrLo; DIWI, *Deposition 4 attorneys and not the Milwaukee School board are in charge*,

13
Case 2:23-cv-00948-WED   Filed 02/13/25   Page 13 of 20   Document 84

https://www.youtube.com/watch?v=TSDlEpDYGd0; DIWI, *Deposition 5: Milwaukee School Board President Cannot Articulate Her Duties*, https://www.youtube.com/watch?v=7EaJ4CPJDrE; DIWI, *Attorney rage quits deposition: Peterson 10*, https://www.youtube.com/watch?v=TfLIBj0XD3s.

These tactics have undoubtedly been used, at least in part, to embarrass and harass the defendants and their counsel and fall squarely within Rule 26(c). *See Baker v. Buffenbarger*, No. 3-C-5443, 2004 WL 2124787, at *2 (N.D. Ill. Sept. 22, 2004) ("[B]ecause the evidence indicated that the defendants intended to use the plaintiff's deposition for a purpose unrelated to settlement or trial preparation, but instead to embarrass the plaintiff, the plaintiff's request for a protective order [prohibiting the disclosure of transcripts and videotapes of depositions] fell squarely within Rule 26(c)."); *see also Caine v. City of Chicago*, No. 11-C-8996, 2012 WL 13059125, at *2 (N.D. Ill. June 28, 2012) (limiting access to video depositions to protect defendants' privacy interests and from embarrassment).

Good cause further exists because Kuether's informal recordings pose confidentiality and privilege issues by potentially capturing opposing counsel's work product on her computer. (ECF No. 64 at 5.) To help prevent these improper uses of the deposition testimony, the Court finds good cause to limit any recording of depositions to that taken by a certified videographer or court reporter.

The protective order already in place does not prevent the entry of such an order as Kuether suggests. (ECF No. 76 at 12.) To the extent the protective order already in place applies to future disputes over confidential information, it does not directly address the defendants' concerns that Kuether and Attorney Hitchcock Cross will post deposition videos on YouTube to embarrass and harass the defendants and their counsel.

The Court will grant the defendants' motion for a protective order requiring that depositions only be recorded by a certified videographer or court reporter.

### 2.2.3. Location of and Attendance at Depositions

The defendants seek a protective order "requir[ing] the depositions in this matter be held at a mutually agreeable location other than Attorney Hitchcock Cross' [sic] offices" and "to limit attendance at the depositions to the Parties, their Counsel, the deponent, and either a certified videographer or court reporter who meets the requirements of Fed. R. Civ. P. 28." (ECF No. 64 at 11.) They state that good cause supports this request because "Attorney Hitchcock Cross has a demonstrated history of surreptitiously recording depositions held at his offices, including off the record conversations and conversations that take place while Attorney Hitchcock Cross appears to be either outside of the frame of the video or outside of the room." (*Id.*) He also "has a demonstrated history of inviting other individuals to court proceedings with the intent to produce additional recordings." (*Id.*)

As already discussed, Kuether and Attorney Hitchcock Cross have a history of abusing depositions via video recordings posted on YouTube. These informal video depositions take place in Attorney Hitchcock Cross's office.

Accordingly, the parties are to hold depositions of anyone Kuether has properly noticed for depositions at a mutually agreeable location other than Attorney Hitchcock Cross's offices. If the parties cannot agree on a location, they shall have the depositions at a court reporter's office. The attendance of depositions is limited to the parties, their counsel, the deponent, and the certified videographer or court reporter.

### 2.2.4. Scope of Depositions

The defendants request that the Court "limit the scope of any depositions to only specific allegations in the Second Amended Complaint." (ECF No. 64 at 10.) The defendants note that Attorney Hitchcock Cross has deposed witnesses in a related matter for over eight hours (including breaks). (*Id.* at 2.) And several of Kuether's Requests for Admission and Interrogatory Requests in this case stray far off topic and dive into irrelevant matters for purposes of harassment and embarrassment, such as by inquiring about personal affairs. (*Id.* at 5-6.)

The proper scope of depositions is set forth in Fed. R. Civ. P. 26(b). No further limitations are warranted. If defense counsel believes that a witness is being harassed through irrelevant questions, the proper course is to stop the deposition and seek a further protective order from the court. The defendants' request for a general protective

order limiting the scope of the depositions to the specific allegations in the second amended complaint will be denied.

### 2.2.5. Confidentiality of Depositions

The defendants seek a protective order "designating the depositions as confidential in this case." (ECF No. 64 at 12.) Kuether responds by again broadly overstating her First Amendment rights in the context of pretrial discovery.

The evidence indicates that Kuether intends to continue to use the deposition videos to embarrass and harass the defendants and their counsel—a fact which Kuether does not dispute and in fact explicitly asserts is her right. (ECF No. 76 at 12, 13, 18, 22.) Thus, restricting the videos' dissemination falls squarely within the scope of Rule 26(c). *See Jennings v. Peters*, 162 F.R.D. 120, 123 (N.D. Ill. 1995) (finding good cause for protective order limiting the use of deposition testimony where the plaintiff failed to refute the claim that they intended to use the deposition for a purpose unrelated to settlement or trial preparation in this suit," i.e., to embarrass, "which puts [the] request for a protective order squarely within Rule 26(c)"); *Baker*, 2004 WL 2124787, at *3 (finding same); *see also Newson v. Oakton Cmty. Coll.*, No. 19-CV-2462, 2021 WL 9793333, at *2 (N.D. Ill. Nov. 5, 2021) (finding good cause for a protective order preventing plaintiff from recording deposition by any means whatsoever based on plaintiff's prior recording without consent and posting on YouTube to harass or threaten counsel);

*Shultz v. Dart*, No. 13-C-3641, 2015 WL 4934552, at *3-*4 (N.D. Ill. Aug. 18, 2015) (barring dissemination of transcript and videotapes of deposition due to potential abuse).

As the court noted in *Caine v. City of Chicago*, video depositions are especially prone to abuse because they "can be cut and spliced, used as sound bites, and disseminated widely over an array of media." 2012 WL 13059125, at *2. Posting such videos on the internet also offends the defendants' privacy interests and risks prejudicing potential jurors. *See Seattle Times*, 467 U.S. at 34 (discussing how privacy interests warrant protective orders on pretrial civil discovery); *Caine*, 2012 WL 13059125, at *2 (discussing the defendants' privacy interest and the risk of prejudicing the jury pool as creating good cause for a protective order preventing dissemination of deposition videos).

As was the case in *Baker v. Buffenbarger*, "it is apparent that [Kuether] intend[s] to use [the] [d]efendants' deposition testimony to further [her] crusade of criticizing and embarrassing [the] [d]efendants. And while the First Amendment protects [Kuether's] right to voice [her] opinions, the Court will not allow the discovery in this case to be misused in the manner [Kuether] suggest." 2004 WL 2124787, at *2, *4. Thus, the Court will restrict the dissemination of the deposition videos to only the attorneys, staff, and parties of this case.

It does not follow, however, that good cause exists to label all of the depositions confidential. The depositions will certainly contain non-confidential information. To the

extent the parties believe information in the depositions is confidential, they have already agreed to a procedure by which to label it as such. (ECF No. 62). Thus, the defendants' request for a protective order labeling the depositions in their entirety as confidential will be denied.

**3. Conclusion**

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the defendants' Motion for Protective Order (ECF No. 63) is GRANTED as follows. Any deposition of Fermin shall be limited in scope to minimize, to the extent practicable, questions duplicative of those asked in his prior deposition in the related Equal Rights Division matter. The depositions shall be recorded only by a certified videographer or court reporter. The depositions of the deponents Kuether properly noticed are to be held at a mutually agreeable location other than Attorney Hitchcock Cross's offices; if the parties cannot reach an agreement as to location, they shall be held at the court reporter's office. The attendance of the depositions is limited to the parties, their counsel, the deponent, and the certified videographer or court reporter. The parties shall not disseminate any deposition video beyond the attorneys, staff, and parties of this case.

The defendants' Motion for Protective Order is DENIED in all other respects.

**IT IS FURTHER ORDERED** that Defendants' Motion to Modify Case Caption (ECF No. 66) is GRANTED. The Clerk shall terminate Mann as a party to this case.

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 11 Sanctions (ECF No. 72) is DENIED.

Dated at Milwaukee, Wisconsin this 13th day of February, 2025.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge